IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

v.                                     CIVIL ACTION NO. 2:19-cv-00237

HOWARD BOSTIC, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is a Request for Default Judgment, [ECF No. 20], filed by Plaintiff, the United States of America ("United States"). For the reasons that follow, the Request is **GRANTED**. Damages are awarded in amounts set forth below.

### I.    Background

Plaintiff filed its Complaint against Defendants Hiroko Bostic and Howard Bostic ("the Bostics") complaining of unpaid federal income tax liabilities and for foreclosure of federal tax liens. The State of West Virginia State Tax Department, Compliance Division, AMU ("West Virginia") is also a named defendant in this case because it may have an interest in the real property that is the subject of this action. *See* Joint Status Report by Pl. and Def. State of West Virginia State Tax Department [ECF No. 18] 2.

Defendants were served with the Summons and Complaint on April 10, 2019. Decl. of Joseph Hunsader [ECF No. 20–2] 1:2. To date, the Bostics have failed to

appear or file a pleading responsive to Plaintiff's Complaint. The Clerk entered default against the Bostics, on June 4, 2019. [ECF Nos. 14, 15]. Plaintiff then filed a Request for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

## II. Legal Standard

Default judgment is available "when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Under Rule 55, which governs default judgments, "trial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). So long as the defendant is not a minor, incompetent, or a current member of the military service, a court may enter a default judgment if (1) a party fails to plead or otherwise defend against a complaint, (2) the Clerk has entered that party's default, and (3) the pleadings and supporting evidence sufficiently establish the monetary amount of the judgment to be entered. *REI Drilling, Inc. v. Resurrection Coal Co., Inc.*, No. CV 1:17-04170, 2018 WL 662504, at *1–2 (S.D.W. Va. Feb. 1, 2018); Fed. R. Civ. P. 55.

A defendant's failure to respond constitutes an admission of the well-pleaded factual allegations in the complaint, except as related to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). "Damages may not generally be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *REI Drilling, Inc.*, No. CV 1:17-04170, 2018 WL

662504, at *2 (S.D.W. Va. Feb. 1, 2018) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

Here, Plaintiff has filed the declaration of Joseph Hunsader, a Trial Attorney with the Tax Division of the United States Department of Justice, and true and correct copies of the Account Transcripts for the Form 1040 in support of its request, setting forth the amount due and stating that the Bostics, are neither infants, incompetents, nor members of the United States Military. Based on its review of Plaintiff's Request for Default Judgment, the declaration, and Account Transcripts, the court finds that a hearing on this matter is unnecessary.

### III. Discussion

The United States has alleged in Count I of the complaint that Defendant, Harold Bostic, is liable and indebted to the United States in the amount of $628,479.99, as of September 16, 2019, plus statutory additions accruing after that date, for his Form 1040 federal income tax liabilities for the 2005, 2006, 2007, 2008, 2009 and 2010 tax years. Pl.'s Compl. [ECF No. 1] ¶ 8, ¶ 11. The United States has alleged in Count II of the complaint that Defendants, Howard Bostic and Hiroko Bostic, are jointly liable and indebted to the United States in the amount of $74,262.23, as of September 16, 2019, plus statutory additions accruing after that date, for their joint Form 1040 federal income tax liabilities for the 2011, 2012, 2013, 2014, and 2015 tax years. Pl.'s Compl. [ECF No. 1] ¶ 12–13. The United States has alleged in Count III that pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose in favor of the United States as of the dates of the assessments, and attached

to all property and rights to property of Defendants then owned or thereafter acquired by them, including 1304 Kanawha Avenue, Dunbar, West Virginia. Pl.'s Compl. [ECF No. 1] ¶ 18–19.

### a. Counts I and II

The court finds in favor of the United States on Count I in the amount of $628,479.99 and on Count II in the amount of $74,262.23. Federal tax assessments are presumed correct, and "the taxpayer bears the burden of proving otherwise." *Winstead v. United States*, 109 F.3d 989, 993 (4th Cir. 1997) (citing *United States v. Janis*, 428 U.S. 433, 440 (1976)). Federal income tax (Form 1040) assessments were made against Howard Bostic for the 2005 to 2010 tax years. Pl.'s Compl. [ECF No. 1] ¶ 8; Decl. of Josephe Hunsader [ECF No. 20–2] ¶ 5, Exs. 1–6. A delegate of the Secretary of the Treasury, on each date listed below, made assessments against Harold Bostic for his unpaid federal income tax (Form 1040) liabilities. Pl.'s Compl. [ECF No. 1] ¶ 8. All related notices of federal tax lien were filed on the dates and locations indicated in the below table:

| Type of Tax and Tax Period | Date of Assessment | Original Total Assessment Amount | Lien Filing Date and Location | Unpaid Assessed Balance as of 3/25/2019 | Accrued Penalties & Interest to 3/25/2019 | Total Unpaid Balance as of 3/25/2019 |
|---|---|---|---|---|---|---|
| Form 1040 2005 | 11/8/2010 | $94,600.23 | Cty Clerk Kanawha Cty 3/18/2011 | $123,739.24 | $2,565.22 | $126,304.46 |
| Form 1040 2006 | 5/18/2009 | $75,414.38 | Cty Clerk Kanawha Cty 3/18/2011 | $111,176.93 | $2,304.79 | $113,481.72 |
| Form 1040 | 1/9/2012 | $92,996.28 | Cty Clerk Kanawha Cty 5/4/2012 | $119,608.80 | $2,479.60 | $122,088.40 |

4

| | | | | | | |
|---|---|---|---|---|---|---|
| 2007 | | | | | | |
| Form 1040 2008 | 1/9/2012 | $82,758.47 | Cty Clerk Kanawha Cty 5/4/2012 | $110,382.37 | $2,288.33 | $112,670.70 |
| Form 1040 2009 | 6/17/2013 | $52,860.64 | Cty Clerk Kanawha Cty 5/16/2016 | $66,583.52 | $1,380.33 | $67,963.85 |
| Form 1040 2010 | 6/17/2013 | $52,081.27 | Cty Clerk Kanawha Cty 5/16/2016 | $68,045.81 | $1,410.65 | $69,456.46 |
| | | | | | **TOTAL** | **$611,965.59** |

Pl.'s Compl. [ECF No. 1] ¶ 8; see 26 U.S.C. §§ 6601(a) (requiring imposition of interest on unpaid taxes), 6651(a)(1) (authorizing penalties for failure to file required tax returns). Notwithstanding the United States' notice and demand for payment of the sums duly assessed, the complaint alleges that the sums remain unpaid. Pl.'s Compl. [ECF No. 1] ¶ 10. As Harold Bostic has not answered or otherwise responded timely to the complaint, the allegations recited above are uncontested and admitted in all respects. The court concludes that the United States has stated a valid claim against Harold Bostic. See 26 U.S.C. § 6502(a) (authorizing the United States to pursue collection in a court proceeding for tax assessments).

Having found that the complaint states a valid claim against Harold Bostic, I must next determine the appropriate relief. In conjunction with its Motion for Default Judgment, the United States submitted the declaration of Mr. Hunsader, who verified the assessment information noted in the complaint (and repeated in the table contained herein) and swore that true copies of Harold Bostics's account transcripts

5

for the tax years recited in the complaint were attached to his declaration. Based on these tax assessments, Howard Bostic owes the United States the amount of $628,479.99, as of September 16, 2019, in federal income tax liabilities. Pl.'s Compl. [ECF No. 1] ¶ 8. Therefore, the court **GRANTS** the United States' Motion for Default Judgment on Count I against Howard Bostic in the amount of $628,479.99, plus statutory additions accruing after September 16, 2019.

Joint federal income tax (Form 1040) assessments were made against Harold Bostic and Hiroko Bostic, for tax years 2011 to 2015. Pl.'s Compl. [ECF No. 1] ¶ 13; Decl. of Josephe Hunsader [ECF No. 20–2] ¶ 7, Exs. 7–11. A delegate of the Secretary of the Treasury, on each date listed below, made assessments against Harold Bostic and Hiroko Bostic for their unpaid joint federal income tax (Form 1040) liabilities. Pl.'s Compl. [ECF No. 1] ¶ 13. All related notices of federal tax lien were filed on the dates and locations indicated in the below table:

| Type of Tax and Tax Period | Date of Assessment | Original Total Assessment Amount | Lien Filing Date and Location | Unpaid Assessed Balance as of 3/25/2019 | Accrued Penalties & Interest to 3/25/2019 | Total Unpaid Balance as of 3/25/2019 |
|---|---|---|---|---|---|---|
| Form 1040 2011 | 9/24/2012 | $10,720.68 | Cty Clerk Kanawha Cty 5/16/2016 | $14,391.56 | $298.35 | $14,689.91 |
| Form 1040 2012 | 7/11/2016 | $911.47 | Cty Clerk Kanawha Cty 9/7/2016 | $1,040.91 | $21.58 | $1,062.49 |
| Form 1040 2013 | 7/11/2016 | $18,182.29 | Cty Clerk Kanawha Cty 9/7/2016 | $21,600.29 | $447.80 | $22,048.09 |
| Form 1040 2014 | 7/11/2016 | $15,704.57 | Cty Clerk Kanawha Cty 9/7/2016 | $19,445.44 | $403.12 | $19,848.56 |

6

| Form 1040 2015 | 7/18/2016 | $10,948.03 | Cty Clerk Kanawha Cty 9/7/2016 | $14,364.04 | $297.98 | $14,661.82 |
|---|---|---|---|---|---|---|
|  |  |  |  |  | **TOTAL** | **$72,310.87** |

Pl.'s Compl. [ECF No. 1] ¶ 13; *see* 26 U.S.C. §§ 6601(a) (requiring imposition of interest on unpaid taxes), 6651(a)(1) (authorizing penalties for failure to file required tax returns). Notwithstanding the United States' notice and demand for payment of the sums duly assessed, the complaint alleges that the sums remain unpaid. Pl.'s Compl. [ECF No. 1] ¶ 15. As the Bostics have not answered or otherwise responded timely to the complaint, the allegations recited above are uncontested and admitted in all respects. The court concludes that the United States has stated a valid claim against the Bostics. See 26 U.S.C. § 6502(a) (authorizing the United States to pursue collection in a court proceeding for tax assessments).

Having found that the complaint states a valid claim against the Bostics, I must next determine the appropriate relief. In conjunction with its Motion for Default Judgment, the United States submitted the declaration of Mr. Hunsader, who verified the assessment information noted in the complaint and swore that true copies of Harold Bostics and Hiroko Bostics' joint account transcripts for the tax years recited in the complaint (and repeated in the table contained herein) were attached to his declaration. Based on these tax assessments, the Bostics, jointly owe the United States $74,262.23, as of September 16, 2019, in joint federal income tax liabilities. *Id.* Therefore, the court **GRANTS** the United States' Motion for Default Judgment on Count II against Howard Bostic and Hiroko Bostic in the amount of $74,262.23, plus statutory additions accruing after September 16, 2019.

b. **Count III**

The United States has valid and subsisting tax liens against Howard Bostic with respect to his unpaid Form 1040 federal income tax liabilities for the 2005 to 2015 tax years. The United States has valid and subsisting tax liens against Hiroko Bostic with respect to her unpaid Form 1040 federal income tax liabilities for the 2011 to 2015 tax years. The United States tax liens are attached to Howard Bostic's and Hiroko Bostic's interests in the real property (the "Real Property") commonly known as 1304 Kanawha Avenue, Dunbar, West Virginia, with the legal description and more particularly described as:

> TRACT ONE: All that certain lot or parcel of land located in Block "S", as shown on the Map of Dunbar of record in the Office of the Clerk of the County Commission of Kanawha County, West Virginia, in Map Book No. 1, at page 146, fronting fifty (50) feet on the northerly line of Kanawha Avenue and extending back therefrom between parallel lines on hundred twenty (120) feet to an alley, being designated as Lot No. Two Hundred Seventy-Eight (278) of Block "S" of said City of Dunbar, as shown on that certain map entitled "Map Showing Lots 276 and 279, Block S, Dunbar, Kanawha County, West Virginia, as owned, occupied and claimed by their Respective Owners", made by James Sell, R.P.C.E., dated August 24, 1959, and of record in the aforesaid Clerk's Office in Deed Book No. 932, at page 250.
>
> TRACT TWO: A parcel of land fifty feet in length lying immediately opposite Lot No. 278 of Block "S" of the City of Dunbar, which is bounded on the east by the easterly line of the said Lot No. 278 of Block "S", extended to the low watermark of the Kanawha River; on the west by the westerly sideline of the said Lot No. 278 of Block "S", extended to the low watermark of the Kanawha River; on the north by the southerly sideline of Kanawha Avenue, as shown on the map of the City of Dunbar of record in the aforesaid Clerk's office in Map Book 2, at page 88.
>
> TRACT THREE: All that certain lot or parcel of land situate in the City of Dunbar, Kanawha County, West Virginia, being a portion of the riverbank along the north side of the Kanawha River, and being a part of said riverbank, 50 feet in length, lying immediately opposite Lot No.

>279 of Block "S" of the said City of Dunbar as shown on the map of the City of Dunbar of record in the Office of the Clerk of the County Commission of Kanawha County, West Virginia, in Map Book 2, at page 88; the parcel hereby conveyed being bounded on the east by the easterly sideline of the said Lot No. 279 of Block "S", extended to the low water mark of the Kanawha River; on the south by the low water mark of the northerly side of the Kanawha River; on the west by the westerly sideline of the said Lot No. 279 of Block "S", extended to the low water mark of the Kanawha River; on the north by the southerly sideline of Kanawha Avenue as shown on the map aforesaid.
>
>TRACT FOUR: All its right, title, interest, and claim in and to all of that certain strip of land situate in the City of Dunbar, Kanawha County, West Virginia, and being more particularly bounded and described as being that certain 60' street known and designated as Kanawha Avenue which lies directly south of Lot 278 and fronting 50' on the said Kanawha Avenue within Block No. S as shown on that certain map of the City of Dunbar which said map is of record in the Office of the Clerk of the County Commission of Kanawha County, West Virginia in the map books thereof, described on a map as shown and laid down on the revised map of said City of Dunbar and additions thereto filed and of record in the Office of the Clerk of the County Commission of Kanawha County, West Virginia, in Photostatic Map Book 1, at page 157.

Pl.'s Compl. [ECF No. 1] ¶ 19.

In its complaint, the United States requested that the Real Property be foreclosed and "sold to satisfy the unpaid balance of assessments and all accrued statutory additions to the tax as provided by law." Pl.'s Compl. [ECF No. 1] ¶ 20. The United States further specifies that it requests

>>the proceeds of the sale of the Real Property be distributed first to the expenses of the sale; and second in accordance with the interests of the parties herein as determined by the Court, including to the United States in partial satisfaction of the unpaid tax liabilities… and including that any party who does not appear and assert an interest shall be adjudged, determined, and decreed not to have an interest in the Real Property.

*Id.*

Section 7403 of the Internal Revenue Code provides that federal tax liens may be enforced via foreclosure. 26 U.S.C. § 7403(a) & (c). United States may file action "to enforce the lien" and the court "may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." *Id.*

Despite notice and demand for payment, the Bostics have failed to pay their tax assessments. Pl.'s Compl. [ECF No. 1] ¶ 8–10; Decl. of Josephe Hunsader [ECF No. 20–2] Exs. 1-11, 13-23. The United States has perfected all of its tax liens against the two Defendants by properly filing Notices of Federal Tax Lien with the County Clerk of Kanawha County, West Virginia. Pl.'s Compl. [ECF No. 1] ¶¶ 8, 13; Decl. of Josephe Hunsader [ECF No. 20–2] ¶¶ 5, 7, Exs. 1–11, 13–23. The United States has thus met the necessary elements for the court to order a judicial sale under 26 U.S.C. § 7403. Therefore, the court **GRANTS** default judgment for Plaintiff on Count III. The court **ORDERS** pursuant to a subsequent Order of Sale, the Real Property be sold by a proper officer of the Court according to law, free and clear of any rights, title, liens, claims, or interests of Howard Bostic and Hiroko Bostic, the State of West Virginia, State Tax Department, and the United States, and with the proceeds of the sale to be distributed according to the subsequent Order of Sale.

### IV. Conclusion

The court **GRANTS** default judgment for Plaintiff on Count I against Howard Bostic in the amount of $628,479.99 and for Plaintiff on Count II jointly against

10

Howard Bostic and Hiroko Bostic in the amount of $74,262.23. The court also **GRANTS** default judgment for Plaintiff on Count III ordering sale of the Real Property pursuant to a subsequent Order of Sale. The court also hereby **VACATES** the Order to Show Cause, [ECF No. 24], in light of the prompt compliance of the United States.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 22, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE